■ ALEXANDER COURY et al., Appellants, v. SAFE AUTO SALES, INC., et al., Respondents.— In a negligence action to recover damages for personal injuries, loss of services, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered May 28, 1971, in favor of defendants, upon a jury verdict. Judgment affirmed, with costs. No opinion. Christ, Brennan and Benjamin, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum, in which Hopkins, Act-

ing P. J., concurs: Plaintiff Alexander Coury, an infant, was asleep on the front seat of an automobile which went across a highway, entered into the opposing traffic lane and collided head on with a pickup truck. As a result of the accident the driver of the automobile was killed and the infant plaintiff was injured. We previously reversed a judgment in favor of plaintiffs entered on a directed verdict (*Coury* v. *Safe Auto Sales*, 35 A D 2d 829), on the ground that, while they had made out a prima facie case, the question of liability was one for the jury to pass upon. On the retrial, the jury was instructed: "The mere fact that the defendant automobile crossed the dividing line and went into the other lane does not in and of itself constitute negligence. For that circumstance to be negligence you must find that the operator of the defendant automobile did not operate his automobile immediately before that occurrence as a reasonably prudent person should have operated it. If you should find that the defendant driver operated his automobile as a reasonably prudent person should have operated it, that he did not do anything in the operation of his automobile that a reasonably prudent person would not have done under the circumstances, but that despite that the vehicle veered over the line and into the other lane and thus causing the accident, then he is not guilty of negligence." This portion of the charge was improper, because it suggested that the jury could not infer negligence from the mere happening of the accident, and that it was necessary to affirmatively find that, *in some particular,* the driver had operated the vehicle in an improper manner prior to crossing over into the wrong lane of traffic. This impropriety was compounded when the court recalled the jury and explained: "Members of the jury, the Court in charging you in connection with the manner of the operation of the vehicle by the defendant driver used the words if you should find that the defendant driver immediately before the occurrence or just before the occurrence did something wrong, then you would take that into consideration as to whether or not he operated his car in a negligent manner and I used the same language with reference as to whether or not he was operating in a proper manner immediately before the accident. That might be open to a misconstruction. Immediately before the accident if he did anything that a reasonably prudent person would not have done before the accident that caused the car to go into the wrong lane and have the accident, that would be negligence. You see? I just wanted to correct that matter about immediately before the accident because you might say that might be a split second. It doesn't have to be a split second. If it was sometime just prior to the accident that he did anything that constitutes negligence as I have defined it to you, namely, the failure to act as a reasonably prudent person and that omission or act of commission at any time before the occurrence, if that brought about the accident, then, of course, you consider that negligence." The court refused to charge that, after it was established that the vehicle crossed to the opposite side of the highway, the burden of going forward with an explanation of the reason for such an untoward happening shifted to defendant. It also declined to charge a series of written requests dealing with the inferences which the jury could draw from the fact that defendants' vehicle entered the lanes of traffic proceeding in an opposite direction. For instance, one written request that was clearly proper and which was refused was the following: "When a driver leaves the lane of traffic and enters the roadway of traffic going in the opposite direction and no explanation is given to excuse the driver's conduct, then in that event you the jury can find that that driver was negligent." Although the burden of proof always remained with plaintiffs, they were entitled to have the jury instructed that the fact that the car went over the line into

the opposite lane was a circumstance to be considered in determining whether the driver had exercised reasonable care in the operation of his vehicle, although that fact, standing alone, did not necessarily require a finding that he was negligent (see *Pfaffenbach* v. *White Plains Express Corp.,* 17 N Y 2d 132; *Barraco* v. *De Pew,* 33 A D 2d 816; PJI 2:84). Plaintiffs' oral requests for a charge as to this point were technically deficient, because they implied that the jury was bound to infer negligence rather than that they might do so. Nevertheless, the trial court had been alerted to the defect in its charge and should have reframed the request and charged its substance to the jury, which had been left without proper guidance on this point (cf. *Martin* v. *Alabama 84 Truck Rental,* 38 A D 2d 577, 578). In any event the written request on this point was, in all respects, accurate and should have been charged (*Warrick* v. *Oliver,* 38 A D 2d 664). The error is clearly one of substance and I therefore vote to reverse and for a new trial.